{¶ 43} I must respectfully dissent, for this case presents the classic example of what is wrong with criminal sentencing in Ohio. I accept the majority's conclusion that this particular defendant's lack of remorse, failure to accept responsibility for his own actions, and extensive criminal record "clearly and convincingly [support] the imposition of maximum sentences." However, once again I find myself offended by the trial court's making "findings" contrary to the pronouncements of the United States Supreme Court. As so aptly pointed out in the brief of appellant, the evidentiary quality of these "findings" is the precise exercise criticized by the majority of the United States Supreme Court Justices in Blakely v. Washington.[3]
 {¶ 44} As stated by the high court in Blakely:
 {¶ 45} "Any evaluation of Apprendi's `fairness' to criminal defendants must compare it with the regime it replaced, in which a defendant, with no warning in either his indictment or plea, would routinely see his maximum potential sentence balloon from as little as five years to as much as life imprisonment, * * * based not on facts proved to his peers beyond a reasonable doubt, but on facts extracted after trial from a report compiled by a probation officer who the judge thinks more likely got it right than got it wrong."[4]
 {¶ 46} Anyone who has any familiarity with the criminal justice system in Ohio knows that, as a practical matter, judges routinely are forced to rely upon a presentence investigation report. That document is always an out of court statement offered for the truth of the matter asserted. Rarely is there the opportunity to verify its authenticity or accuracy. As such, it is hearsay in its most basic form. And it is used by trial courts to make the most important decision in the prosecution: who goes to jail, for how long, and who does not. Such a process offends the Sixth Amendment to the United States Constitution and the Ohio Constitution. Due process requires more than a judge following the recommendation of a bureaucrat. A system of sentencing with the predictability and fairness built into theApprendi/Blakely format is a better alternative to the way we currently sentence defendants in Ohio.
[3] Blakely v. Washington (2004), 542 U.S. 296,124 S. Ct. 2531.
[4] Blakely v. Washington, 124 S.Ct. at 2542, citingApprendi v. New Jersey (2000), 530 U.S. 466.